IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>        Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC., LONNY JEPSEN, ALFREDO MORENO, NICOLE THOMPSON, KELLY MARUSKA JO, and MIKE HUFFMAN,<br><br>        Defendants. | 8:20CV375<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, who is not a prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues his employer, Tyson Fresh Meats, Inc., and several employees of Tyson for violating the Americans with Disabilities Act ("ADA"), the First Amendment, and various Nebraska statutes. Plaintiff alleges that because he is deaf, Tyson failed to accommodate his disability, provided him unequal terms and conditions of employment, and retaliated against him.[1]

Although difficult to understand, it appears Plaintiff is claiming that Tyson provided him with an American Sign Language ("ASL") interpreter during one shift for a period of time, but rejected his request for an interpreter when he changed jobs,

---

[1] Plaintiff has attached to his Complaint a right-to-sue letter issued by the U.S. Equal Employment Opportunity Commission on August 10, 2020. (Filing 1 at CM/ECF p. 9.) Plaintiff timely filed this action on September 18, 2020.

making him "look bad"; disciplined him; and provided Spanish, Korean, and English interpreters for other workers, but no ASL interpreter for him.

For relief, Plaintiff requests an ASL interpreter for meetings and "on the floor" and that new and senior team members be trained on deaf culture and ASL. (Filing 1 at CM/ECF p. 5.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2

### III. DISCUSSION

Plaintiff has filed 116 pages of complaints, supplements, and exhibits, the majority of which he did not seek permission to file. *See* Fed. R. Civ. P. 15(a) (party may amend its pleading once as a matter of course within 21 days[2] after serving it or after service of responsive pleading or Rule 12 motion; otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules."). Therefore, the court shall perform its initial review of Plaintiff's original Complaint (Filing 1) only.

### A. ADA Claims

Liberally construed, Plaintiff seems to be bringing three claims under the ADA—discrimination, failure to accommodate, and retaliation. As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a) (Westlaw 2021).

#### 1. Proper Defendants

As an initial matter, Plaintiff has named several individual Tyson employees as Defendants in this matter. However, the ADA imposes liability on *employers*. 42 U.S.C. § 12111(5)(A). The Complaint's allegations clearly indicate that Defendants Jepsen, Moreno, Thompson, Maruska, and Huffman are employees of Tyson and cannot be

---

[2] Plaintiff filed a letter with attached exhibits (Filing 6), an Amended Complaint with exhibits (Filing 7), and a "Motion/Complaint" (Filing 8) in December 2020—well beyond 21 days after September 18, 2020, the filing date of his initial Complaint.

considered "employers" of Plaintiff. Thus, Plaintiff's ADA claims against these Defendants will be dismissed. *See Loeckle v. State Farm Auto. Ins. Co.*, 59 F. Supp. 2d 838, 846 (N.D. Iowa 1999) (dismissing one of named defendants for lack of employee-employer relationship), *aff'd*, 210 F.3d 379 (8th Cir. 2000); *Ramos v. Valmont Indus., Inc.*, No. 8:18CV313, 2018 WL 5840764, at *2 (D. Neb. Nov. 8, 2018) (attorney for employer could not be considered "employer" of plaintiff for purposes of ADA).

### 2. Discrimination

An employee seeking relief under the ADA for discrimination must establish that: (1) he has a disability within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) he has suffered an adverse employment action because of his disability. *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015). A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Liberally construed, Plaintiff alleges that he has a hearing disability requiring him to communicate through American Sign Language, that Tyson disciplined him, that Tyson provided interpreters for other employees in their native languages, and that Plaintiff changed jobs at Tyson at some point. However, Plaintiff has not alleged that he was qualified for his jobs at Tyson with or without reasonable accommodation, nor has he alleged sufficient facts from which the court can reasonably infer that he was discriminated against *because of* his disability. While Plaintiff alleges that he "changed positions" and "received discipline" (Filing 1 at CM/ECF p. 7), there is no indication that these occurrences were caused by his disability. On the court's own motion,

4

Plaintiff will be given an opportunity to file an amended complaint that sets forth additional facts in support of his claim.

### 3. Failure to Accommodate

Plaintiff next claims that Tyson failed to accommodate his disability by refusing to provide an ASL interpreter for one of his positions at Tyson. To state a failure-to-accommodate claim, a plaintiff first "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). "The plaintiff then has the burden to show 'that the requested accommodation is reasonable on its face, *i.e.*, ordinarily or in the run of cases.'" *Orr v. City of Rogers*, 232 F. Supp. 3d 1052, 1061 (W.D. Ark. 2017) (quoting *Peebles v. Potter*, 354 F.3d 761, 768 (8th Cir. 2004) (internal quotation marks omitted)).

An employer is not obligated to provide an employee the accommodation he or she requests or prefers. *See, e.g., Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1019 (8th Cir. 2000). *See also Lors v. Dean*, 595 F.3d 831, 834 (8th Cir. 2010) (defendants were not required to employ plaintiff in team leader position, even if he could maintain better control of his diabetes in that position). The employer need only provide some reasonable accommodation. *Hennenfent v. Mid Dakota Clinic, P.C.*, 164 F.3d 419, 422 n.2 (8th Cir. 1998); *accord Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1137 (8th Cir. 1999) ("If more than one accommodation would allow the individual to perform the essential functions of the position, 'the employer providing the accommodation has the ultimate discretion to choose between effective accommodations, and may choose the less expensive accommodation or the accommodation that is easier for it to provide.'").

As stated above, Plaintiff has not pleaded sufficient facts to establish a prima facie case of discrimination. Moreover, Plaintiff alleges that Tyson did provide him interpretation services for one time period, and Plaintiff has failed to allege that those services were not reasonable. The court will give Plaintiff the opportunity to amend his Complaint to provide additional facts in support of his claim.

### 4. Retaliation

Although unclear, Plaintiff may be claiming that he was disciplined because he requested an accommodation. "To establish unlawful retaliation under the ADA, a plaintiff must show that (1) []he engaged in a statutorily protected activity, (2) the employer took an adverse action against h[im], and (3) there was a causal connection between the adverse action and the protected activity." *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (citing *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999)).

Requesting an accommodation may be considered a protected activity under the ADA, *see Hill*, 737 F.3d at 1219. However, Plaintiff has failed to allege sufficient facts supporting a causal connection between his request for an accommodation and his discipline. Thus, Plaintiff has failed to state a plausible retaliation claim under the ADA. As with his other ADA claims, the court will grant Plaintiff leave to file an amended complaint that sets forth sufficient facts in support of his claim.

### B. First-Amendment Claims

Plaintiff alleges, through 42 U.S.C. § 1983, that Defendants' refusal to provide him with an ASL interpreter deprives him of his First Amendment rights.[3] Section 1983 creates a cause of action for those who are deprived of a federally protected right by a person acting "under color of state law." *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). "Anyone whose conduct is fairly attributable to the State can be sued as a state

---

[3] While 42 U.S.C. § 1983 does not by itself establish any substantive rights, it may be invoked to vindicate federal rights conferred by the United States Constitution and federal statutes. *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).

6

actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal quotation marks and citation omitted).

Here, Plaintiff sues Tyson and private, individual employees thereof. However, only "state actors" may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Sabri*, 833 F.3d at 1000 ("A private party is considered a state actor if the alleged deprivation was caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." (internal quotation marks and citation omitted)); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Plaintiff makes no allegations that Tyson or its employees were performing functions reserved to or created by the state. Therefore, Plaintiff's First Amendment claim must be dismissed.

## C. State-Law Claims

Plaintiff seeks to assert claims under the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2021) and Neb. Rev. Stat. § 28-110 (Westlaw 2021).[4] Pending amendment of the Complaint as set forth in this

---

[4] Section 28-110 states:

7

Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state-law claim. In the event Plaintiff fails to amend his Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state-law claim, and such claim will be dismissed without prejudice to reassertion in state court.

### D. Leave to Amend

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendants and addresses the deficiencies noted above. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) after he addresses the matters set forth in this Memorandum and Order.

### IV. CONCLUSION

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that addresses the above deficiencies. Plaintiff's amended complaint must restate the relevant allegations of his original Complaint and any new allegations **in one document**. Plaintiff should be mindful to explain what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

---

A person in the State of Nebraska has the right to live free from violence, or intimidation by threat of violence, committed against his or her person or the destruction or vandalism of, or intimidation by threat of destruction or vandalism of, his or her property regardless of his or her race, color, religion, ancestry, national origin, gender, sexual orientation, age, or disability.

8

IT IS THEREFORE ORDERED:

1. Plaintiff's ADA claims against Defendants Jepsen, Moreno, Thompson, Maruska, and Huffman are dismissed with prejudice because such Defendants are not "employers" of Plaintiff for purposes of the ADA. Plaintiff's ADA claim shall proceed as to Defendant Tyson Fresh Meats, Inc., only.

2. Plaintiff's First Amendment claim against all Defendants is dismissed for lack of state action.

3. The court's jurisdiction over Plaintiff's state-law claims will be reevaluated upon initial review of Plaintiff's amended complaint.

4. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must set forth all allegations regarding his ADA claim against Defendant Tyson Fresh Meats, Inc., as discussed above.

5. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

6. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline using the following text: February 24, 2021—amended complaint due.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

9. Plaintiffs "Motion" (Filing 8) is denied, as such "Motion" is a supplemental complaint filed without the court's permission, and it shall not be considered.

DATED this 26th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge