IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN F. RAMOS,

    Plaintiff,

vs.

TYSON FRESH MEATS, INC., LONNY JEPSEN, ALFREDO MORENO, NICOLE THOMPSON, KELLY MARUSKA JO, and MIKE HUFFMAN,

    Defendants.

8:20CV375

MEMORANDUM
AND ORDER

After initial review of Plaintiff's pro se Complaint, the court granted Plaintiff leave to file an amended complaint to address deficiencies in his claims that his employer failed to accommodate his disability and, because of his disability, provided him unequal terms and conditions of employment and retaliated against him. (Filing 9.) Plaintiff has filed an Amended Complaint (Filing 10),[1] and the court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff, who is deaf and communicates through American Sign Language ("ASL"), alleges that while he worked for Defendant Tyson Fresh Meats, Inc., from 2017

---

[1] Without the court's permission and in violation of the Local Rules, Plaintiff also filed a Supplement (Filing 11) three months after he filed his Amended Complaint. *See* Fed. R. Civ. P. 15(a) (party may amend its pleading once as a matter of course within 21 days after serving it or after service of responsive pleading or Rule 12 motion; otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules."). Therefore, the court shall perform its initial review of Plaintiff's Amended Complaint only.

to 2020, Tyson only provided him with an ASL interpreter during his orientation from November 27-20, 2017. Plaintiff claims he requested that interpretation services be provided "on the floor" as an accommodation so he could "continue to perform the essential functions of [his] job for safety, quality and attendance." Plaintiff's request was denied, and he was instead required "to read English subtitles" and use "English pen/paper." (Filing 10 at CM/ECF pp. 9-10.) As Plaintiff explained in his original Complaint (Filing 1 at CM/ECF p. 9) (quoting *Nat'l Ass'n of the Deaf v. Trump*, No. 20CV2107, 2020 WL 4452083 (Complaint ¶¶ 25-25)):

> ASL is a complete and complex language distinct from English, with its own vocabulary and rules for grammar and syntax—it is not simply English in hand signals. ASL has no written component. For several reasons, including early language deprivation, many deaf people have a very limited ability to read and write in English.

Plaintiff alleges that Tyson provided Spanish, English, and Korean interpretation services to its employees, but not ASL services. (*Id.* at p. 10.) Plaintiff claims he applied for other jobs within Tyson because team members harassed him and filed false disciplinary reports against him and "nobody [would] stop it." He twice applied for a job in maintenance, but was rejected. He also applied to drive a lowboy, but his general supervisor told him he could not drive because he could not hear honking. (*Id.* at p. 13.)

Plaintiff was terminated from his employment on December 15, 2020.

Plaintiff brings discrimination, failure-to-accommodate, and retaliation claims under the Americans With Disabilities Act ("ADA") and under state law.[2] Plaintiff requests that he be reinstated and his disciplinary record expunged; new co-workers and senior team members be trained on deaf culture and ASL; and an ASL interpreter be provided "on the floor" and in meetings. Plaintiff also requests declaratory relief. (*Id.* at pp. 6, 14-15.)

---

[2] The court previously dismissed Plaintiff's First Amendment claim. (Filing 9.) Plaintiff seeks to assert state-law claims under the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2021), and under Neb. Rev. Stat. § 28-110 (Westlaw 2021).

## II. DISCUSSION

The standards of review and elements of each of Plaintiff's claims were discussed in detail in the court's initial review of Plaintiff's first Complaint (Filing 9) and will not be repeated here. Instead, Plaintiff's Amended Complaint will be evaluated in light of the court's prior discussion.

Keeping in mind the liberal construction due pro se complaints, the lesser pleading standard to which pro se litigants are held, and the fact that Plaintiff's Complaints were written in what is not Plaintiff's primary language, the court concludes that Plaintiff has alleged plausible claims under the ADA for discrimination, failure to accommodate, and retaliation, as well as companion claims under the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1104, 48-1107.02 (Westlaw 2021). *Helvering v. Union Pacific RR. Co.*, 703 N.W.2d 134 (Neb. App. 2005) (NFEPA is patterned after the ADA, and it is appropriate to look to federal court decisions construing similar and parent federal legislation). Plaintiff's purported claim under Neb. Rev. Stat. 28-110 (Westlaw 2021) will be dismissed, however, because such statute is only applicable to criminal offenses.[3] *See* Neb. Rev. Stat. § 28-111 (Westlaw 2021).

In light of the foregoing, the court will allow this action to proceed to service of process. The court cautions Plaintiff that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them. Accordingly,

IT IS ORDERED:

1. Pursuant to the court's previous Memorandum and Order (Filing 9), Defendants Jepsen, Moreno, Thompson, Maruska, and Huffman are dismissed with prejudice because such Defendants are not "employers" of Plaintiff for purposes of the Americans With Disabilities Act.

---

[3] Neb. Rev. Stat. §§ 28-110 to 28-115 deal with criminal offenses committed because of a person's disability, race, color, religion, ancestry, and the like.

2. Plaintiff's claim under Neb. Rev. Stat. 28-110 (Westlaw 2021) is dismissed because such statute is inapplicable to Plaintiff's claims.

3. This case shall proceed to service of process as to Plaintiff's claims under the Americans With Disabilities Act for discrimination, failure to accommodate, and retaliation, as well as companion claims under the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1104, 48-1107.02 (Westlaw 2021).

4. The Clerk of the Court is directed to complete and issue summonses for **Defendant Tyson Fresh Meats, Inc., at 800 Stevens Port Drive, Dakota Dunes, SD 57049**. The Clerk of the Court is further directed to deliver the summonses, the necessary USM-285 Forms, copies of Plaintiff's Amended Complaint (Filing 10), copies of the court's prior Memorandum and Order (Filing 9), and this Memorandum and Order to the Marshals Service for service of process on Defendant Tyson Fresh Meats, Inc. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01 (Westlaw 2021).[4]

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson,* 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 26th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge